UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LEON LIPPETT,

    Plaintiff,

v.                                                                                          Case No. 21-cv-11289

NELSON DUNCAN,

    Defendant.
_____/

**OPINION AND ORDER OVERULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL**

Pending before the court is Plaintiff's "Objection to the Magistrate Judge's Order Denying in Part, [sic.] Plaintiff's Motion to Compel" (ECF No. 30). The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will overrule Plaintiff's Objection.

**I. BACKGROUND**

Pro se Plaintiff Leon Lippett is a prisoner in Macomb Correctional Facility ("MCF") operated by the Michigan Department of Correction ("MDOC"). He alleges that Defendant Nelson Duncan, a healthcare provider who used to work at MCF,[1] violated the United States Constitution by failing to timely and properly provide medical treatment to Plaintiff as well as retaliating against him in June and July 2019. (ECF No. 1, PageID.3-10.) The case was referred to Magistrate Judge Elizabeth A. Stafford to hear and determine all pre-trial matters. (ECF No. 10.)

---

[1] Defendant was transferred to another facility in August 2019. (See ECF No. 24-3, PageID.163.)

As part of discovery, Plaintiff subpoenaed non-party Heidi Washington, MDOC director, for production of "any or all emails or electronically stored memorandums, directed to or written by [Defendant], during the periods of June 2019 to the present, which specifically mention or relate to [Plaintiff] and which are not subject to attorney-client privilege." (ECF No. 24-2, PageID.157.) After Washington objected to the request as being overbroad and unduly burdensome (ECF No. 24-3), Plaintiff filed a motion to compel (ECF No 23).

On August 19, 2022, Magistrate Judge Stafford issued her "Opinion & Order Granting in Part and Denying in Part Plaintiff's Motion to Compel." (ECF No. 26.) Among others, the Magistrate Judge found that the timeframe of Plaintiff's request was overbroad and thus limited the production of responsive MDOC documents to those only from June to December 2019. (*Id.*, PageID.251-52.) In so doing, she considered Washington's explanation "that the events underlying [Plaintiff's] claims occurred in June and July 2019 and that [Defendant] was transferred to another workstation in August 2019." (*Id.*, PageID.251.) Additionally, she found lacking Plaintiff's argument "that limiting the timeframe would prevent him from obtaining more recent communications between [Defendant] and witnesses about the case or their testimony," since Plaintiff "d[id] not explain the relevance of such communications to [Defendant's] alleged deliberate indifference and retaliation in 2019." (*Id.*, PageID.251-52.) Plaintiff now objects to the time limit imposed by Magistrate Judge Stafford. (ECF No. 30.)

## II. STANDARD

"Motions to compel discovery are considered *non-dispositive* motions." *Sompo Am. Ins. Co. v. FCA US LLC*, No. 20-10734, 2022 WL 1553791, at *2 (E.D. Mich. May

2

17, 2022) (Cleland, J.) (emphasis in original, citation omitted). When a Magistrate Judge issues a decision on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (allowing a district court to "reconsider" non-dispositive orders of a Magistrate Judge that are "clearly erroneous or contrary to law"). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Where there are two permissible views of the evidence ... [the] choice between them cannot be clearly erroneous." *Id.* at 574. "[A]n order is 'contrary to the law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). The court reviews the Magistrate Judge's legal determinations de novo. *Id.*

### III. DISCUSSION

Under Federal Rule of Civil Procedure 26,

> . . . parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is always subject to being "limited by court order[,]" *id.*, and thus, "is, of course, within the broad discretion" of the court, *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir. 1998) (citing *Lewis v. ABC Bus. Serv., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998)). The court must balance the "right to

3

discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 Fed. Appx. 900, 907 (6th Cir. 2009) (citing *Bush,* 161 F.3d at 367).

"Demonstrating relevance is the burden of the party seeking discovery." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted). Magistrate Judge Stafford did not act contrary to law or erroneously in limiting the responsive documents to those between June and December 2019,[2] where Plaintiff has exerted no passable effort to demonstrate how the materials outside the permitted timeframe are relevant to the claims at issue.

Plaintiff alluded in his Motion, as he does now in his Objection, to the fact that Defendant has listed current or formal employees of MCF as potential witnesses. (ECF No. 23, PageID.140; ECF No. 30, PageID.389.) Plaintiff suspects that communications between those potential witnesses and Defendant may exist beyond 2019. (ECF No. 30, PageID.390.) However, he has not explained how such communications "hav[e] *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without [them]." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (citing Fed. R. Evid. 401) (emphasis in original). To the contrary, the Sixth Circuit has said that "the assertion that one might call a witness fails to provide a sufficient showing of relevance." *Prewitt v. Parke*, 16 F.3d 1221 (6th Cir. 1994) (denying request for name of a confidential informant). The court is also not persuaded that the dubious utility of Plaintiff's request outweighs the burden of production to a non-party. *See In re: Mod. Plastics Corp.,* 890 F.3d 244, 251

---

[2] This period allows Plaintiff to discover information five months after the alleged constitutional violations and four months after Defendant moved to a different facility.

4

(6th Cir. 2018) ("Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor.").

## IV. CONCLUSION

The liberal standard of relevancy is not a license to "go fishing." *Anwar v. Dow Chem. Co.,* 876 F.3d 841, 854 (6th Cir. 2017) (noting that "a plaintiff should have access to information necessary to establish her claim, but that a plaintiff may not be permitted to 'go fishing'"). It was neither clearly erroneous nor contrary to the law for Magistrate Judge Stafford to limit the production of responsive documents to those between June and December 2019. Accordingly,

IT IS ORDERED that Plaintiff's "Objection to the Magistrate Judge's Order Denying in Part, [sic.] Plaintiff's Motion to Compel" (ECF No. 30) is OVERRULED.

                                            s/Robert H. Cleland               /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: September 29, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2022, by electronic and/or ordinary mail.

                                            s/Lisa Wagner                   /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\21-11289.LIPPETT.ObjectionstoMJOrderreMotiontoCompel.NH.docx

5