UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LEON LIPPETT,

    Plaintiffs,

v.                                                                         Case No. 21-11289

NELSON DUNCAN,

    Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS,
(2) SUSTAINING DEFENDANT'S OBJECTION, (3) ADOPTING IN PART AND
REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, (4) DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT, (5) GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, AND (6) DENYING PLAINTIFF'S
MOTION TO SUPPLEMENT RECORD AS MOOT.**

Pro se Plaintiff Leon Lippett is a prisoner in Macomb Correctional Facility ("MCF") operated by the Michigan Department of Correction ("MDOC"). He alleges that Defendant Nelson Duncan, a nurse who used to work at MCF,[1] failed to timely and properly provide medical treatment to Plaintiff in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment. (ECF No. 1, PageID.3-10.) The case was referred to Magistrate Judge Elizabeth A. Stafford to hear and determine all pre-trial matters. (ECF No. 10.)

Plaintiff moves for summary judgment on his retaliation claim (ECF No. 25) and Defendant moves for summary judgment on both claims (ECF No. 27.) In her Report and Recommendation ("R&R"), the Magistrate Judge has recommended that Plaintiff's

---

[1]    Defendant was transferred to another facility in August 2019. (See ECF No. 24-3, PageID.163.)

motion be denied and Defendant's motion be granted in part and denied in part. (ECF No. 42.) Both parties have filed Objections to the R&R, and responses have been filed. (ECF Nos. 43, 44, 45, 46.)

Plaintiff also subsequently filed a "Motion to Supplement the Record on Summary Judgment," asking the court to consider allegations of a different prisoner against Defendant in a different case,[2] purportedly to show Defendant's retaliatory motivation. (ECF No. 47.) Defendant has responded to this motion. (ECF No. 48.)

The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will overrule Plaintiff's Objections (ECF No. 44), sustain Defendant's Objection (ECF No. 43), and adopt in part and reject in part the R&R (ECF No. 42). The court will also deny Plaintiff's "Motion for Partial Summary Judgment" (ECF No. 25), grant Defendant's "Motion for Summary Judgment" (ECF No. 27), and deny Plaintiff's "Motion to Supplement the Record on Summary Judgment" (ECF No. 47) as moot.

## I. BACKGROUND

The court adopts the unobjected background of this case as set forth in the R&R:

Since Plaintiff's 2017 hospitalization for a severe foot infection, he has had recurrent infections and fevers of unknown origins. ECF No. 25, PageID.196-202; ECF No. 27-2, PageID.297-298. In 2018, Plaintiff filed a lawsuit against healthcare providers based on the events leading to his hospitalization; that action remains pending against one defendant. See generally *Lippett v. Corizon Health*, No. 2:18-cv-11175 (E.D. Mich.).

In June 2018, Plaintiff complained of a fever, chills, a headache, and dizziness. ECF No. 27-2, PageID.307-308. An officer called healthcare and relayed Plaintiff's symptoms to Defendant, who said that Plaintiff needed to send a kite in the morning. *Id.* at PageID.308-309. Based on the

---

[2] *Ross v. Unknown Miller*, No. 2:22-cv-94, 2022 U.S. Dist. LEXIS 216872 (W.D. Mich. Dec. 1, 2022) (finding Amended Complaint plausibly states a claim of First Amendment retaliation against Defendant Duncan).

2

> symptoms, Defendant determined that he could finish treating other inmates since Plaintiff did not need immediate care. ECF No. 27-3, PageID.336. An hour later, Defendant said he could see Plaintiff, and Plaintiff went to healthcare accompanied by Officer Alarica Nelson and his bunkmate Earnest Jackson. *Id.* at 336-337; ECF No. 27-2, PageID.311; ECF No. 25, PageID.213. Nelson and Jackson were present for the entire visit. ECF No. 25, PageID.213; ECF No. 27-2, PageID.314.
>
> The parties' accounts of the visit differ. Plaintiff claimed that Defendant spoke to him in an aggressive tone and accused him of making himself sick. ECF No. 25, PageID.242-243; ECF No. 27-2, PageID.314-315. Defendant took Plaintiff's temperature several times, which fluctuated from 100 to 103.9 degrees. ECF No. 25, PageID.242-243; ECF No. 27-2, PageID.314. Given Plaintiff's history of recurrent infections, Defendant examined his feet and applied an antifungal cream but did not treat the fever symptoms. ECF No. 25, PageID.243; ECF No. 27-2, PageID.314.
>
> Defendant asserted that he was standing in a hallway near an exam room when Plaintiff arrived in the lobby. ECF No. 27-3, PageID.337, 340. Through the medication window between the exam room area and the lobby, Defendant allegedly overheard Plaintiff say to Jackson, "I'm doing all this tonight, as part of my lawsuit." *Id.* Plaintiff denied making this statement. ECF No. 25, PageID.243. Defendant denied asking Plaintiff harassing questions; instead, he asked about his symptoms. ECF No. 27-3, PageID.337. Defendant reported that Plaintiff's temperature was 102 degrees but that it dropped to 99.9 degrees after five minutes and to 98.9 degrees after another ten minutes. ECF No. 25, PageID.212-213. Defendant examined Plaintiff's feet and applied anti-fungal cream, gave him Tylenol, and sent him to his cell with instructions to follow up with healthcare in the morning. *Id.*; ECF No. 27-3, PageID.338. Defendant noted in Plaintiff's medical chart that he overheard Plaintiff say that he was "doing all this" for his lawsuit. ECF No. 25, PageID.213.
>
> Plaintiff asserts an Eighth Amendment claim, alleging that Defendant was deliberately indifferent by delaying his medical treatment for an hour. ECF No. 1, PageID.10-12. He also asserts that Defendant retaliated against him in violation of the First Amendment for filing the 2018 lawsuit against his coworkers. *Id.* at PageID.12-15. Plaintiff seeks summary judgment on his retaliation claim, and Defendant seeks summary judgment on both claims.

(ECF No.42, PageID.525-27.)[3]

---

[3]  For consistency, "Lippett" and "Duncan" are replaced with "Plaintiff" and "Defendant", respectively.

## II. STANDARD

When a party files timely objections to an R&R on a dispositive motion—like a motion for summary judgment—the court "make[s] a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980). This process provides the court "the opportunity to consider the specific contentions of the parties," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), and "enables the [court] to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). After re-examining the evidence relevant to these objections, the court determines whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

### A. Plaintiff's Objections (ECF No. 44)

#### 1. Objection #1

Plaintiff objects to the Magistrate Judge's conclusion that "[Defendant's] hourlong delay in treating [Plaintiff's] non-urgent condition is so minor that it does not amount to an adverse action." (ECF No. 42, PageID.537.) Plaintiff claims that the Magistrate Judge "has substituted [her] opinion regarding the potential serious effects of a fever, with that of Medical Experts who formulated the medical protocols for MDOC Health services." (ECF No. 44, PageID.552.) However, Plaintiff ignores the bulk of the Magistrate Judge's analysis finding that Plaintiff's "fever, chills, headache and dizziness did not pose an obvious need for immediate medical attention." (ECF No. 42,

PageID.531.) While the Magistrate Judge found that Plaintiff's "offer[] to return to his unit when [Defendant] allegedly accused him of making himself sick" suggested that Plaintiff's symptoms did not pose an immediate risk of harm, it was not the Magistrate Judge's entire inquiry. (*Id.*) The Magistrate Judge also reviewed Plaintiff's history of having similar symptoms, which "resolved within 24 to 72 hours with routine treatment such as IV fluids and Tylenol," and found "[n]o evidence suggest[ing] that [Plaintiff's] symptoms in June 2019 were any different or pose a risk of serious harm." (*Id.*)

The Magistrate Judge correctly found that one-hour delay of medical treatment did not result more than a de minimis injury to constitute an adverse action necessary for Plaintiff's First Amendment retaliation claim. *See Mitchell v. Badawi*, No. 14-11346, 2016 WL 703037, at *3 (E.D. Mich. Feb. 2, 2016) (Whalen, MJ.), *report and recommendation adopted,* No. 14-CV-11346, 2016 WL 695571 (E.D. Mich. Feb. 22, 2016) (Friedman, J.) ("But where is the adverse action? Plaintiff received medical treatment, albeit not as quickly as he wanted. Having to wait 30 minutes–or even several hours–to see a medical provider would not deter a person of ordinary firmness from filing a grievance."); *Johnson v. Allen*, No. 19-2250, 2020 WL 6286307, at *2 (6th Cir. June 30, 2020) ("Johnson argues that Dr. Allen delayed in providing him treatment as retaliation for his refusal to sign off on his grievance against Dr. Hardy. However, Johnson has failed to show that Dr. Allen took an adverse action against him because, after Johnson refused to sign off on the grievance, Dr. Allen extracted three teeth within one week of Johnson's request for treatment.") Plaintiff's Objection #1 is overruled.

### 2.  Objection #2

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff failed to raise a genuine issue of material fact regarding the causation element of his First Amendment claim. (ECF No. 44, PageID.554.)

Plaintiff's contention that he "is not required to 'prove' a retaliatory motive" misstates the law. (*Id.*) It is well established that to succeed on a First Amendment retaliation claim, a plaintiff must show "a causal connection . . . – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) (citation omitted). While "[u]sually, the question of causation is a factual issue to be resolved by a jury, and may be satisfied by circumstantial evidence, . . . a court may grant summary judgment even in a causation inquiry, where it is warranted." *Id.* at 267 (citations omitted).

Plaintiff misconstrues the Magistrate Judge's analysis in claiming that she "has afforded the Defendant the benefit of two conflicting defenses for the same action." (ECF No. 44, PageID.555.) In the R&R, the Magistrate Judge followed the "well-developed" analysis of causation in retaliation claims:

> "Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant." *Thaddeus–X*, 175 F.3d at 399 (citing *Mount Healthy*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471). "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id*.

*Maben,* 887 F.3d at 262, 267. The Magistrate Judge first found that Plaintiff did not meet "his burden of establishing that his protected conduct was a motivating factor behind any harm" by "maintain[ing] that [Defendant] refused to see [Plaintiff] immediately because [Defendant] believed that [Plaintiff] was faking his symptoms as

6

part of his 2018 lawsuit." (ECF No. 42, PageID.537-38.) Then, the Magistrate Judge observed that *even if* Plaintiff raises a triable of fact concerning Defendant's motivation, Defendant has shown as a matter of law that he would have taken the same action – delay treating Plaintiff – because Defendant was treating other prisoners. (*Id.*, PageID.538.)

In his Objections, Plaintiff takes no issue with the Magistrate Judge's observation that he failed to rebut the evidence attributing the delay of care to Defendant's in-progress treatment of other prisoners. (ECF No. 42, PageID.538; ECF No. 44, PageID.555-56.) Thus, the court has no need to independently review this finding. *Murphy v. Lockhart*, 826 F. Supp. 2d 1016, 1027 (E.D. Mich. 2011), *amended in part* (Oct. 14, 2011) (Lawson, J.) ("[T]he failure to object to an unfavorable portion of the magistrate judge's report releases the Court from its duty to independently review the issue") (citing *Thomas v. Arn*, 474 U.S. 140, 152 (1985)). In short, the Magistrate Judge did not err in finding no genuine issue of material fact concerning causation, because Defendant would have taken the same action without Plaintiff's 2018 lawsuit. (*Id.*)[4]

Thus, Plaintiff's Objection #2 is overruled.

### 3. Objection #3

Finally, Plaintiff objects to the Magistrate Judge's recommendation of summary judgment in favor of Defendant as to Plaintiffs' retaliation claim arising from alleged verbal harassment and minor threats because they "are not adverse actions giving rise

---

[4] For this same reason, even if Plaintiff was permitted to supplement record to include another prisoner's allegations that purportedly support Defendant's retaliatory motivation (ECF No. 47, PageID.574-75), there would still be no triable issue of facts concerning causation. This motion is consequently moot.

7

to a retaliation claim." (ECF No. 44, PageID.556.) Plaintiff does not dispute the Magistrate Judge's conclusion. (*Id.*). Nor could he. *Sublett v. McAlister,* No. 20-5190, 2020 WL 8614219, at *3 (6th Cir. Oct. 9, 2020) ("Verbal abuse does not constitute an adverse action of constitutional significance within the meaning of a First Amendment retaliation claim.").

Instead, Plaintiff states, "Clearly in this case, there were other acts that preceded the verbal harassment and verbal abuse, and other adverse acts that came afterward, which were all part of the harassment and abusive behavior." (ECF No. 44, PageID.556-57.) However, Plaintiff does not specify what were the "other acts," nor has he explained how such acts, together with the alleged verbal abuse, sufficiently amount to an adverse action. (*Id.*) The court can only interpret this as nothing other than a general objection to the Magistrate Judge's recommendations with no mention of or attempt to develop specific reasons for why she erred in her suggested findings. "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (Michelson, J.)

Accordingly, Plaintiff's Objection #3 is overruled.

### B.  Defendant's Objection

Defendant objects to the Magistrate Judge's recommendation denying summary judgment on the retaliation claim stemming from Defendant's alleged falsification of medical records. (ECF No. 43, PageID.547.) Specifically, Defendant contends that the

8

Magistrate Judge erred in finding that Defendant's documentation in Plaintiff's medical chart of him claiming to be "doing all this" as part of his 2018 lawsuit constitutes an adverse action. (*Id.*) Defendant argues that any harm caused to Plaintiff is speculative at best. (*Id.*, PageID.547-48.) In response, Plaintiff posits that the alleged falsification was an adverse action because it could interfere with his subsequent medical care. (ECF No. 46, PageID.568-69.)

Plaintiff bears the burden of showing that an adverse action was taken against him. *Sensabaugh v. Halliburton,* 937 F.3d 621, 627 (6th Cir. 2019). The assessment of whether an action is adverse for purposes of a retaliation claim is an objective determination, independent of how a particular plaintiff reacted. *Bell v. Johnson,* 308 F.3d 594, 606 (6th Cir. 2002) (citation omitted). The relevant question is whether the defendants' conduct is "capable of deterring a person of ordinary firmness." *Id.* The threshold is low and is "intended to weed out only inconsequential actions." *Id*. However, "since § 1983 is a tort statute, [courts] must be careful to ensure that real injury is involved, lest [they] 'trivialize the First Amendment' by sanctioning a retaliation claim even if it is unlikely that the exercise of First Amendment rights was actually deterred." *Mezibov v. Allen*, 411 F.3d 712, 721 (6th Cir. 2005).

Here, the Magistrate Judge accepted Plaintiff's contention "that the falsified medical chart could interfere with his ability to obtain medical care." (ECF No. 42, PageID.541.) However, absent any evidence to that effect, such a conclusion should not be assumed. (ECF No. 25, PageID.190; ECF No. 42, PageID.541-42.)

For example, in *Coleman v. Gullet*, No. CIV.A. 12-10099, 2012 WL 5986779, at *12 (E.D. Mich. Sept. 4, 2012) (Michelson, MJ.), *report and recommendation adopted,*

9

No. CIV.A. 12-10099, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012) (Goldsmith, J.), plaintiff asserted that defendants forged a medical release, which he purported to preclude future treatment. *Id.* The court found the plaintiff's contention as inadequately alleging a First Amendment retaliation claim:

> …[T]he plain language of the form merely releases MDOC employees from "all responsibility for any ill effects" that result from the inmate's "decision" to "decline treatment offered to [the patient] as stated above [in the release]" (in this case, remaining non-weight bearing on the right foot). It says nothing about future medical treatment. Nor has Plaintiff pled that any MDOC medical professional, administrator, or Defendant in this case would interpret, or has interpreted, the release to do more than it states, i.e., that MDOC employees rely on a patient's prior medical release to refuse any future medical treatment. Plaintiff has not even pled that completed medical releases are reviewed by a healthcare provider when an inmate subsequently seeks treatment. Plaintiff therefore has merely conclusorily assumed that the forged medical release has the effect of precluding future treatment; as such, he has not adequately pled facts allowing this court to reasonably infer how a forged release would deter a person of "ordinary firmness" from engaging First Amendment conduct.

*Id.*

Even though *Coleman* was decided on a Federal Rule of Civil Procedure 12(b)(6) standard governing dismissal for failure to state a claim, its reasoning is instructive. Here, the notation Defendant made on Plaintiff's medical record says nothing about future medical treatment. (ECF No. 25, PageID.213.) Plaintiff admits to having "no proof" that the instances of healthcare staff's alleged failure to refer him to a specialist and delay of care were causally connected to Defendant's note. (ECF No. 27-2, PageID.316-22.) Plaintiff has not offered any evidence indicating that health professionals would rely on Defendant's notation to refuse treating him. To the contrary, the record shows that the nurse staff, having learned of the allegedly false information, called Plaintiff back to recheck on him. (ECF No. 25, PageID.223; ECF No.46, PageID.569.) Additionally, Plaintiff's medical history is undisputedly extensive (ECF No.

10

25, PageID.185; ECF No. 43, PageID.547-48; ECF No. 46, PageID.568), and nothing suggests that Defendant's note will even be reviewed when Plaintiff sought treatment. *See Jordan v. Murin,* No. 1:18-CV-0228, 2020 WL 8675897, at *10 (W.D. Pa. Nov. 4, 2020), *report and recommendation adopted,* No. 1:18-CV-228, 2021 WL 612823 (W.D. Pa. Feb. 17, 2021) ("[E]ven if [defendant's] report of the encounter with [plaintiff] included inaccuracies, they would have to be examined in the overall context of [plaintiff's] medical records to determine whether they would 'deter a person of ordinary firmness' from exercising his First Amendment rights.") In short, Plaintiff has failed to show that Defendant's allegedly falsified statement in Plaintiff's medical chart is more than inconsequential. *See also Simpson v. Bredesen*, No. 2:10-CV-02950-JPM, 2015 WL 5655999, at *14 (W.D. Tenn. Sept. 24, 2015) (where a defendant included a red note alerting other medical staff not to allow the plaintiff to see any other doctor except the defendant, finding no adverse action because plaintiff has "failed to show that he suffered more than de minimis harm as a result of this red note in his medical file").

The cases cited by the Magistrate Judge do not support a contrary conclusion. In *Beaton v. California*, No. 1:19-CV-00952, 2019 WL 5566058 (E.D. Cal. Oct. 29, 2019), *report and recommendation adopted,* No. 1:19-CV-00952, 2020 WL 1046094 (E.D. Cal. Mar. 4, 2020), the Magistrate Judge "assume[d], without deciding, that placing false citizen status in prison record and/or an ICE hold constitutes adverse action because, even with this assumption, [the p]laintiff has failed to state a cognizable claim for retaliation under § 1983." *Id.* at *3. Because *Beaton* court made no finding as to whether the purported falsification of document constitutes an adverse action, it is not helpful to the issue at hand. Likewise, in *Benitez v. Locastro*, No. 9:04-CV-423, 2008

11

WL 4767439 (N.D.N.Y. Oct. 29, 2008), while stating that "inmates may have a valid cause of action where a false misbehavior report is filed in retaliation for the exercise of a constitutional right," the court did not analyze whether the alleged falsification of medical records constitute an adverse action necessary for a First Amendment retaliation claim. *Id.*, at *11.

Additionally, the alleged false statement at issue is not comparable to a false misconduct ticket, like the ones in *Maben v. Thelen,* 887 F.3d 252 (6th Cir. 2018) and *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004). A prisoner who is issued a misconduct ticket faces a threat of punishment or disciplinary sanctions determinable and measurable by the charged wrongdoings. *See Maben,* 887 F.3d at 266; *Scott*, 377 F.3d at 571. It stretches credulity to believe that Defendant's note subjects Plaintiff to similar threat of disciplines, when, as indicated above, Plaintiff has offered no evidence of actual or foreseeable harm.

Finally, the situation at issue is not like that in *Jones v. Mathai*, No. 06-11925, 2008 WL 2570776 (E.D. Mich. June 24, 2008) (Lawson, J.). There, the plaintiff claimed that the defendant retaliated against him by canceling his medical accommodation, requiring him to wear shoes that caused him to develop painful sores. *Id.* at *9. The court found that defendant's interference with the plaintiff's medical treatment was an adverse action that would deter a prisoner of ordinary firmness from exercising his First Amendment right. *Id.* Here, unlike the plaintiff in *Jones*, Plaintiff has not shown that Defendant's note has interfered with his medical treatment.

12

In conclusion, Plaintiff has failed to show that Defendant's note in Plaintiff's medical chart satisfies the "ordinary firmness" test. The Magistrate Judge erred in finding that it is an adverse action. Accordingly, Defendant's objection is sustained.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's Objections (ECF No. 44) are OVERRULED.

IT IS FURTHER ORDERED that Defendant's Objection (ECF No. 43) is SUSTAINED.

IT IS FURTHER ORDERED that the Magistrate Judge's December 21, 2022 Report and Recommendation (ECF No. 42) is ADOPTED IN PART AND REJECTED IN PART.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Partial Summary Judgment" (ECF No. 25) is DENIED, and Defendant's "Motion for Summary Judgment" (ECF No. 27) is GRANTED, in accordance with the Magistrate Judge's R&R, as modified by this Opinion and Order. A separate judgment will be issued.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Supplement the Record on Summary Judgment" (ECF No. 47) is DENIED AS MOOT.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated: March 17, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2023, by electronic and/or ordinary mail.

                    s/Lisa G. Wagner
                    Case Manager and Deputy Clerk
                    (810)292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-11289.LIPPETT.R&R.NH.docx