UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LEON LIPPETT,

    Plaintiffs,

v.                                                                Case No. 21-11289

NELSON DUNCAN,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING**

Pro se Plaintiff Leon Lippett is a prisoner in Macomb Correctional Facility ("MCF") operated by the Michigan Department of Correction. His complaint alleges that Defendant Nelson Duncan, a nurse who used to work at MCF, failed to timely and properly provide medical treatment to Plaintiff in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment. (ECF No. 1, PageID.3-10.)

Before the court is Plaintiff's "Motion for Rehearing." (ECF No. 51.) He asks the court to "rehear," or rather reconsider, its March 17, 2023 "Opinion and Order (1) Overruling Plaintiff's Objections, (2) Sustaining Defendant's Objection, (3) Adopting in part and Rejecting in Part the Magistrate Judge's Report and Recommendation, (4) Denying Plaintiff's Motion for Partial Summary Judgment, (5) Granting Defendant's Motion for Summary Judgment, and (6) Denying Plaintiff's Motion to Supplement Record as Moot." (ECF No. 49). (ECF No. 51, PageID.605.)

On the court's order (ECF No. 52), Defendant Nelson Duncan filed a response. (ECF No. 53.) No hearing is required. *See* E.D. Mich. LR 7.1(h)(3). For the reasons provided below, the court will deny the Plaintiff's motion.

## I.  STANDARD

Motions for rehearing or reconsideration of a final order are governed by the court's Local Rule 7.1(h)(1), which states: "Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich. LR 7.1(h)(1). The rule further states that "[t]he court will not grant reconsideration of [a final] order or judgment under this rule." *Id.*

However, because Plaintiff is a pro se litigant, his pleadings are construed liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citation omitted). As no appeal has been filed and Plaintiff filed his Motion within the 28-day window,[1] it is best treated as being made under Rule 59(e). *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) (noting that "Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone could appeal," while "Rule 60(b) codifies various writs used to seek relief from a judgment at any time after the term's expiration").

"A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial ruling. *See, e.g., Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case'"); *Sault Ste. Marie Tribe of*

---

[1]  Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court entered the Judgment on March 17, 2023. (ECF No. 50.) Plaintiff's Motion was entered by the clerk on April 5, 2023. (ECF No. 51.)

2

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). Nor is a Rule 59(e) motion the proper vehicle to "present new arguments that could have been raised prior to judgment." *Howard,* 533 F.3d at 475 (citation omitted).

## II. DISCUSSION

Here, Plaintiff's arguments in support of his Motion do not satisfy the standard under which a Rule 59(e) motion may be granted. Plaintiff does not suggest that newly discovered evidence exists, and he does not claim that there has been "an intervening controlling law." Fed. R. Civ. P. 59(e). Plaintiff' s Motion also does not predicate on "a need to prevent manifest injustice." *Id.*

Plaintiff's Motion mostly rehashes old claims or advances arguments that could have been presented to the court pre-judgment. As indicated above, motions under Rule 59(e) are not supposed to be employed in this manner. However, there is one contention that is potentially redressable under this rule as suggesting "a clear error of law." Fed. R. Civ. P. 59(e). It is Plaintiff's assertion that the court erred in relying on *Coleman v. Gullet*, No. CIV.A. 12-10099, 2012 WL 5986779, at *12 (E.D. Mich. Sept. 4, 2012) (Michelson, MJ.), *report and recommendation adopted,* No. CIV.A. 12-10099, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012) (Goldsmith, J.) (ECF No. 51, PageID.623.) To be clear on this issue, the court did not take *Coleman* as a binding authority. (ECF No. 49, PageID.600.) Rather, the court cited *Coleman* only for its instructive reasoning in a case where the plaintiff similarly alleged retaliation based on falsified medical records. As the court specified in its March 17, 2023 Opinion and Order, *Coleman* involved Rule 12(b)(6) standard governing dismissal for failure to state

a claim. (*Id.*) That standard is different from what the court uses in deciding motions for summary judgment, which were the subject of the R&R. Summary judgment motions are governed by Rule 56, which does not allow a responding party to "rely solely on the pleadings" and requires him to "adduce more than a mere scintilla of evidence". *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Thompson v. Ashe*, 250 F.3d 399 (6th Cir. 2001)). Plaintiff attempts to distinguish *Coleman* by referring to the allegations in his complaint. (ECF No. 51, PageID.624.) However, to survive summary judgment, Plaintiff cannot rely solely on his allegations. Consequently, he still falls short of presenting the requisite evidence to show that Defendant's allegedly falsified statement in Plaintiff's medical chart is more than inconsequential to constitute an adverse action. Thus, the court did not commit a "clear error of law."

### III. CONCLUSION

Plaintiff has failed to present any viable theory justifying the court disturbing the finality of its earlier judgment. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Rehearing" (ECF No. 51) is DENIED.

             s/Robert H. Cleland
             ROBERT H. CLELAND
             UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 22, 2023, by electronic and/or ordinary mail.

             s/Lisa G. Wagner
             Case Manager and Deputy Clerk
             (810)292-6522

S:\Cleland\Cleland\NTH\Civil\Working\21-11289.LIPPETT.MotionforRehearing.NH.docx